FILED
 2010 Mar-24  PM 12:04
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER FOSTER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 2:09-CV-0620-SLB |
| **STATE AUTO PROPERTY AND CASUALTY COMPANY; O.M. HUGHES INSURANCE, INC.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motion to Dismiss Nondiverse Defendant O.M. Hughes Insurance, Inc. [hereinafter "Hughes Insurance"], (doc. 6),[1] and plaintiff's Motion for Leave to Amend Complaint, (doc. 8). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motion to Dismiss, (doc. 6) is due to be granted and plaintiff's Motion for Leave to Amend the Complaint, (doc. 8), is due to be denied.

Defendant State Auto Property and Casualty Company [hereinafter "State Auto"] issued a homeowner's policy to plaintiff Christopher Foster on February 19, 2003; defendant Hughes Insurance was the agent. (Doc. 1, Ex. A [Complaint] ¶¶ 6-8.) On or about February 26, 2003, one or both of the defendants mailed Foster a notice that his insurance would be

---

[1] Reference to a document number, ["doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

cancelled on March 9, 2003, if he did not pay the premium. (*Id*. ¶ 12.) Foster alleges that he received the notice on March 8, 2003, and that he "sent a check to Defendants" that day. (*Id*. ¶ 26.) Foster's home suffered fire damage on the morning of March 9, 2003. (*Id*. ¶ 13.) One or both of the defendants negotiated plaintiff's check, and, on March 13, 2003, sent him a refund. (*Id*. ¶ 27.) State Auto denied Foster's claim based on the lapse of his policy. (*Id*. ¶ 18.)

On March 8, 2009, plaintiff filed this case in the Circuit Court of Jefferson County, alleging breach of contract against State Auto Property and Hughes Insurance. (*See generally id*.) Foster alleges that he did not receive the ten-day notice required under the terms of the insurance policy. (*Id*. ¶¶ 19-22, 25-28.)

Defendants removed this action on March 27, 2009, alleging that this court has diversity jurisdiction because Hughes Insurance, an Alabama resident, had been fraudulently joined. (Doc. 1 ¶ 9.) On July 21, 2009, defendants moved to dismiss Hughes Insurance on the ground that plaintiff's Complaint fails to state a claim against it for breach of contract because Hughes Insurance was not a party to the insurance agreement between Foster and State Auto. (Doc. 6 ¶ 6.)

In his Response to defendants' Motion to Dismiss, Foster asks the court to allow him to amend his Complaint to state a claim against Hughes Insurance for breach of contract based on its failure to send the notice of renewal to his mortgage company. (*See* doc. 8, Ex. A.) His proposed Amended Complaint alleges:

      29. Plaintiff avers that his mortgage company, Wells Fargo Mortgage, had a duty to pay his fire insurance premium to State Auto when it received notice from Plaintiff's insurance agent, O.M. Hughes.

      30. That the Defendant O.M. Hughes did not send notice of the renewal for the period February 19, 2003 to February 19, 2004 to Wells Fargo Mortgage although it knew that it should send notice of renewal to Wells Fargo Mortgage.

      31. O.M. Hughes and/or State Auto sent the renewal notice to G.E. Capital Mortgage, which it knew or should have known was **not** Plaintiff's mortgage company.

      32. Had O.M. Hughes and State Auto sent notice of renewal to Wells Fargo Mortgage, Wells Fargo Mortgage would have paid the premium due on the fire insurance policy and Plaintiff's fire would have been a covered loss.

      33. Because of course of dealing and past performance between O.M. Hughes, State Auto and Plaintiff's mortgage companies and Plaintiff, both O.M. Hughes and State Auto should have sent the renewal notice for Plaintiff's fire insurance premium to Wells Fargo Mortgage.

      34. Plaintiff is a third-party beneficiary of the agreements between O.M. Hughes and State Auto to send timely notice of Plaintiff's fire insurance renewal to Plaintiff's mortgage company.

      35. As a proximate result or cause of the breach of the agreements between O.M. Hughes and State Auto and Plaintiff to send timely notice of fire insurance renewal to Plaintiff's mortgage company, when Plaintiff's home burned on March 9, 2003, the loss was not covered by insurance.

(*Id*. ¶¶ 29-35 [emphasis in original].)

In their Reply Brief, defendants argue, "Plaintiff's Motion for Leave to Amend Complaint is an attempt to circumvent . . . the properly filed Motion to Dismiss that is supported by Alabama law to the extent an agent [cannot] be guilty of breach of contract

when the agent is not a party to that contract . . . ."[2]  (Doc. 10 ¶ 2.)  Plaintiff apparently concedes that the claims against Hughes Insurance, as set forth in his original Complaint, are due to be dismissed.  (*See generally* doc. 8.)  Therefore, defendants' Motion to Dismiss, (doc. 6), will be granted.

With Hughes Insurance dismissed from this case, the court has diversity jurisdiction.[3] However, Foster has filed a Motion to Amend, which seeks permission to assert a new claim against Hughes Insurance.  Whether to allow plaintiff to amend his Complaint to add a new claim against Hughes Insurance, which would destroy diversity jurisdiction, is governed by 28 U.S.C. § 1447(e). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  This court does not have "discretion to add [a non-diverse defendant], retain jurisdiction and decide the case on the merits. . . . [When] section 1447(e) [is] applicable . . . the district court [is] left with only two options: (1) deny joinder; or (2) permit joinder and

---

[2] Defendants argue that plaintiff cannot prove his claim based on defendants' failure to send his mortgage company a renewal notice and, as support for this argument, they have submitted two affidavits with their Reply Brief.  (*Id.* ¶¶ 5-10 and Exs. A and B.)  Because plaintiff has not been given the opportunity to respond to this evidence, the court has not considered this evidence. *See Burns v. Gadsden State Cmty. Coll.*, 908 F.2d 1512, 1516 (11th Cir. 1990).

[3] The requirements of diversity jurisdiction under 28 U.S.C. §1332(a)(1) are, first, complete diversity of state or foreign citizenship between the plaintiffs and all defendants, and, second, satisfaction of the present statutory amount in controversy requirement of over "$75,000.00, exclusive of interest and costs."  Plaintiff Foster is a resident of Alabama; State Auto is a corporation organized under the laws of Iowa with its principal place of business in Iowa. (Doc. 1 ¶¶ 6-7.)

remand [the] case to state court." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

In deciding whether the allow joinder of the non-diverse defendant, the court considers four factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities." *R.K. Services v. Spectrum Stores, Inc.*, 125 F. Supp. 2d 479, 481 (M.D. Ala. 2001) (citing *Hensgens v. Deere and Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989); *Sexton v. G & K Servs., Inc.*, 51 F. Supp. 2d 1311 (M.D. Ala. 1999)). However, consideration of these factors assumes a viable claim against the resident defendant. A Motion to Amend may be denied based on the futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962), *quoted in Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n.10 (11th Cir. 2000). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Galindo*, 203 F.3d at 777 n.10.

In Alabama, "[t]he statute of limitations for a claim based on a contract is six years," and "[t]his six-year period begins to run when the contract is breached." *AC, Inc. v. Baker*, 622 So. 2d 331, 333 (Ala. 1993)(citing Ala. Code § 6-2-34(9); *Stephens v. Creel*, 429 So. 2d 278, 280 (Ala. 1983); *Lipscomb v. Tucker*, 314 So. 2d 840, 850 (1975)); *see also Jacks v. Madison County*, 741 So. 2d 429, 432 (Ala. Civ. App. 1999) ("A breach-of-contract cause of action 'accrues' when the contract is breached, rather than when the contract is entered

into or when damage is sustained." (citing *AC, Inc.*, 622 So. 2d at 333; *Stephens*, 429 So. 2d at 280)).

Foster's proposed Amended Complaint alleges that he had an agreement with defendants, Hughes Insurance and State Auto, to send the renewal notice of his insurance policy to Wells Fargo Mortgage.  (Doc. 8, Ex. A ¶¶ 34, 35.)  He contends that Hughes Insurance breached this agreement by failing to send the renewal notice to Wells Fargo Mortgage.  (*Id.* ¶ 30.)  The policy's coverage period was February 19, 2003 to February 19, 2004.  (Doc. 1, Ex. A [Complaint] ¶ 8.)  Therefore, the agreement to send out the renewal notice and the breach of that agreement occurred, if at all, some time before February 19, 2003.

This case was filed on March 8, 2009; six years to the day that State Auto cancelled plaintiff's policy, and more than six years after defendants allegedly failed to send a renewal notice to Wells Fargo Mortgage.  Thus, plaintiff's proposed Amended Complaint, asserting a breach of contract claim based on Hughes Insurance's failure to send the renewal notice, is futile because it is barred by the statute of limitations.  *See Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284-85 (11th Cir. 2000); *see also Adams v. Kellett*, No. 09-12663, 2010 WL 27967, at *2 (11th Cir. Jan. 7, 2010) ("[A]n amendment would have been futile because the claims that Plaintiffs seek to add would also be time-barred.") (unpublished);[4] *Salas v. Pierce*, 297 F. App'x 874, 879 (11th Cir. 2008) ("[A]n amendment

---

[4] Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it.  ***Unpublished opinions are not considered***

to [plaintiff's] complaint explaining the details of his claims would have been futile because, as discussed above, his claims are barred by the statute of limitations.") (unpublished).

Therefore, plaintiff's Motion to Amend, (doc. 8), will be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendants' Motion to Dismiss, (doc. 6), is due be granted and all claims against defendant Hughes Insurance will be dismissed with prejudice. Plaintiff's Motion to Amend, (doc. 8), will be denied. An Order granting defendants' Motion to Dismiss and denying plaintiff's Motion to Amend will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 24th day of March, 2010.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

*binding precedent, but they may be cited as persuasive authority*." 11th Cir. R. 36-2 (emphasis added).