UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER FOSTER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| vs. } | **CASE NO. 2:09-cv-0620-SLB** |
| } | |
| **STATE AUTO PROPERTY AND** } | |
| **CASUALTY COMPANY** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This case is currently before the court on defendant State Auto Property and Casualty Company's ("State Auto") Motion for Summary Judgment, (doc. 29).[1] Plaintiff Christopher Foster ("Foster") has sued State Auto for breach of contract. (*See generally* doc. 1.)  Upon consideration of the record, State Auto's submissions,[2] and the relevant

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] On May 14, 2010, the court entered a Scheduling Order to govern further proceedings in this case. (*See* doc. 24.)  Exhibit A to the Scheduling Order provides:

> The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions.  Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline.  ***The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.***  The movant's reply submission shall be filed no later than 11 days after the date on which the opponent's responsive submission was due.

(Doc. 24-1 at 1 (emphasis added).)  Foster did not file a response to State Auto's Motion for Summary Judgment.

law, the court is of the opinion that State Auto's Motion for Summary Judgment is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in its favor. *See id.* at 255. Nevertheless, the non-moving party "need not be given

the benefit of every inference but only of every *reasonable* inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)) (emphasis added).

## II. FACTUAL AND PROCEDURAL HISTORY

The following facts are set forth in State Auto's Motion for Summary Judgment. (Doc. 30 at 1-5.) Foster did not dispute these facts, which are supported by the record evidence submitted by State Auto. Therefore, these facts are deemed admitted.[3]

> 1. The insurance policy issued to . . . Foster . . . by State Auto states that the policy period runs from February 19, 2002, to February 19, 2003. [(Doc. 29-1.)]
>
> 2. Foster did not pay his policy renewal premium prior to the expiration of the policy period on February 19, 2003. [(Doc. 29-2.)]
>
> 3. State Auto mailed Foster a notice, dated February 24, 2003, ("the notice") which stated that his policy would be terminated for non-payment if a premium payment was not received by March 9, 2003 at 12:01 a.m. [(Doc. 29-3.)]
>
> 4. Foster was not sure when the notice arrived at his home. [(Doc. 29-6 at 166.)]
>
> 5. Cindy Herndon ("Herndon") was employed by Foster's insurance agent, O.M. Hughes Insurance, and she communicated with Foster regarding his policy renewal premium. [Doc. 29-2; doc. 29-4 at 25.)]
>
> 6. On March 4, 2003, Herndon contacted Foster's mortgage holder, Wells Fargo, regarding the past due policy renewal premium. [(Doc. 29-2.)]

---

[3] Exhibit A to the Scheduling Order states that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." (Doc. 24-1 at 4 (emphasis removed).)

7. Wells Fargo informed Herndon that it was not going to pay Foster's policy renewal premium. [(Doc. 29-2.)]

8. On March 7, 2003, Foster told Herndon that he would contact Wells Fargo about the past due premium. [(*Id.*; doc. 29-6 at 133.)]

9. On March 7, 2003, Foster told Herndon that he tried to call Wells Fargo, but he had been disconnected. [(Doc. 29-2; doc. 29-6 at 133.)]

10. Herndon sent a fax to Foster on March 7, 2003, in which she again warned Foster that his insurance policy would lapse, due to non-payment of the renewal premium, on March 9, 2003 at 12:01 a.m. [(Doc. 29-2.)]

11. Foster testified that the fax sent to him by Herndon on March 7, 2003, stated that Wells Fargo had indicated that it would not be making the renewal premium payment. [(Doc. 29-6 at 181.)]

12. Foster testified that he mailed the renewal premium check to State Auto by placing it in a mail box located in the Winn Dixie shopping center in Chalkville, Alabama. [(Doc. 29-6 at 167.)]

13. Foster acknowledged that when he placed his renewal premium check to State Auto in the mailbox in front of the Winn Dixie, he knew the mail from this box was not scheduled to be picked up again until 8:00 p.m. on March 8, 2003. [(*Id.*)]

14. Foster knew his policy was set to expire at 12:01 on March 9, 2003. [(Doc. 29-6 at 181.)]

15. State Auto did not receive Foster's renewal premium payment until after the policy was canceled at 12:01 a.m. on March 9, 2003. [(Doc. 29-7.)]

16. On March 9, 2003, Foster's house caught fire and was damaged. [Doc. 29-4 at 9.)]

17. Foster made a claim to State Auto based upon the fire that occurred at his house on March 9, 2003. [(Doc. 29-5 at 93-95; doc. 29-7.)]

4

>    18. State Auto sent Foster a letter denying his claim, because, "this occurred after the State Auto policy was cancelled and during a period the policy was not in force." [(Doc. 29-7 at 5.)]
>
>    19. By letter to Foster, State Auto reserved the right to assert additional reasons why coverage did not apply to his loss. [(*Id.*)]

(Doc. 30 at 1-4.)

On March 8, 2009, Foster filed this case in the Circuit Court of Jefferson County, alleging breach of contract against State Auto and defendant O.M. Hughes Insurance Company, Inc. ("Hughes"). (*See* doc. 1-1.) Foster and Hughes removed this action on March 27, 2009.[4] (*See* doc. 1.) Thereafter, State Auto filed its Motion for Summary Judgment. (Doc. 29.) In the Motion, State Auto contends that "[t]here is no genuine issue of material fact" and that "State Auto is entitled to judgment as a matter of law." (Doc. 29 at 1.) As support, State Auto attached to the Motion a Certified copy of the insurance policy issued to Foster by State Auto, (doc. 29-1), the Affidavit of Cindy Herndon, (doc. 29-2), the notice from State Auto to Foster, dated February 24, 2003, (doc. 29-3), the Deposition of Foster, (docs. 29-4, 29-5, & 29-6), the Affidavit of Robert K. Norris, Jr. ("Norris"), (doc. 29-7), and the claim denial letter from Norris to Foster, dated May 2, 2002. (*Id.*). Pursuant to the court's Summary Judgment requirements, (doc. 24-1), any opposition to State Auto's Motion for Summary Judgment was due on or before November 16, 2010. (*See id.*; doc. 29.) Foster did not file an opposition.

---

[4] Foster's claims against Hughes were dismissed with prejudice on March 24, 2010. (*See* docs. 14 & 15.)

## II. DISCUSSION

As set forth above, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. *Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs. & Participating Employers v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039-40 (11th Cir. 2004) (citing *United States v. One Piece of Prop.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004)).

Applying these standards and reviewing the record and the relevant case law, the court concludes that State Auto has demonstrated that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law.  Foster has not come forward with ***any*** evidence in response to this showing.  Thus, Foster has failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, and the record demonstrates that summary judgment in favor of State Auto is warranted.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute, and that State Auto is entitled to judgment as a matter of law.  An Order granting State Auto's Motion for Summary Judgment, (doc. 29), will be entered contemporaneously herewith.

**DONE**, this 15th day of August, 2011.

*[signature: Sharon Lovelace Blackburn]*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE